**Derrick BROWN, Appellant**

v.

**Warden B.A. BLEDSOE; Harvey Lappin, F.B.O.P. Director; United States of America; DSCC, Designation & Sentence Computation Center; Barack Obama, President of the United States; Eric H. Holder, Jr., U.S. Attorney General.**

**No. 09–4493.**

---

1. Brown's appeal from the final order in Civ. No. 09–cv–01436 was docketed in this Court

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Jan. 29, 2010.

Opinion filed: Feb. 22, 2010.

Derrick Lakeith Brown, Lewisburg USP, Lewisburg, PA, for Plaintiff–Appellant.

Kate L. Mershimer, Esq., Office of United States Attorney, Harrisburg, PA, U.S. Atty Scranton, Office of United States Attorney, Scranton, PA, for Defendants–Appellees.

Present: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Derrick Brown, a federal inmate housed in Pennsylvania, appeals from an order dismissing a petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. On November 10, 2009, the United States District Court for the Middle District of Pennsylvania entered an order in Civ. No. 09–cv–01436 dismissing a prior § 2241 petition that Brown had filed to challenge a conviction and sentence imposed in 2008 in the United States District Court for the Western District of Tennessee. The District Court dismissed that prior petition because Brown had yet to seek collateral review in the sentencing court under 28 U.S.C. § 2255, and he could not show that his remedy under § 2255 is "inadequate or ineffective."[1]

---

as C.A. No. 09–4487.

Brown then filed the instant § 2241 petition in the Middle District of Pennsylvania (Civ. No. 09–cv–2258). Noting that the petition did not raise any contention that was not included in the previously dismissed petition, the District Court again instructed Brown to pursue his remedies in the sentencing court under § 2255, and again held that he cannot proceed under § 2241. The District Court noted that the instant petition is also subject to dismissal as successive or an abuse of the writ. Brown timely filed this appeal from the order of dismissal.

We have appellate jurisdiction under 28 U.S.C. § 1291. Because this appeal presents "no substantial question," 3d Cir. IOP Ch. 10.6, we will summarily affirm the District Court's judgment.[2]

Section 2241 is unavailable to Brown to challenge his federal conviction and sentence unless a § 2255 motion would be "inadequate or ineffective." For the reasons explained in our separate opinion in C.A. No. 09–4487, the District Court correctly held that Brown cannot proceed with his claims in a § 2241 proceeding. Further, as the District Court noted, Brown's repetitive filing of this second § 2241 proceeding was properly subject to dismissal as an abuse of the writ.

The District Court's judgment will be affirmed.

---

**2.** To the extent that Brown needs a certificate of appealability to pursue this appeal, it is denied. Reasonable jurists could not debate the District Court's decision to dismiss Brown's petition. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).